**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**CLARK J. GEBMAN,**

|  |  |
|---|---|
| **Plaintiff,** | **No. 07-cv-1226** |
|  | **(GLS-DRH)** |
| **v.** |  |

**STATE OF NEW YORK, PRESHROCK**
**CORPORATION, CITY OF BEACON,**
**UNITED STATES OF AMERICA, and**
**JOHN or JANE DOE 1-500 Inclusive,**

**Defendants.**
_____

**APPEARANCES:**               **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Clark J. Gebman
*Pro Se*
8686 Sheridan Drive
Williamsville, New York 14421

**FOR THE DEFENDANTS:**
**STATE OF NEW YORK**
HON. ANDREW M. CUOMO            JOSEPH S. KOCZAJA, ESQ.
New York Attorney General
The Capitol
Albany, New York 12224

**CITY OF BEACON**
Towne, Bartkowski Law Firm            ELENA DeFIO KEAN, ESQ.
450 New Karner Road
P.O. Box 15072

Albany, New York 12205

**Gary L. Sharpe**
**U.S. District Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Clark Gebman, proceeding *pro se*, brings this civil rights action

pursuant to 42 U.S.C. § 1983, alleging certain injuries arising from the sale

of real property from Preshrock Corporation ("Preshrock") to the City of

Beacon (the "City").  Pending are motions to dismiss by the State of New

York (the "State") and the City.  As grounds for dismissal, the moving

defendants raise lack of subject matter jurisdiction, Eleventh Amendment

immunity, improper venue, and failure to state a claim.

### II. Facts and Procedural History

Gebman filed his original Complaint on November 20, 2007, seeking,

among other things, to block the sale from Preshrock to the City of a parcel

of land in Dutchess County which the parties refer to as Hiddenbrooke.  In

broad strokes, the Complaint alleged that Preshrock and the City had failed

to comply with the State Environmental Quality Review Act ("SEQRA") as a

condition precedent to the contemplated sale.  Additionally, Gebman

2

alleged that storm water runoff from the Hiddenbrooke property had been illegally discharged onto lands in which Gebman held a development interest.

On December 12, 2007, and December 21, 2007, respectively, the State and the City filed motions to dismiss.  (Dkt. Nos. 8 & 9.)  In lieu of a response, Gebman sought permission to amend his Complaint.  (*See* Letter Motion; Dkt. No. 11.)  Permission was granted, in light of the fact that none of the defendants had yet filed a responsive pleading.  (*See* Order; Dkt. No. 12.)  Based upon Gebman's intention to file an amended complaint, the pending motions to dismiss were adjourned for a period of thirty days.  (*See* Text Only Order, Jan. 28, 2008.)  When Gebman failed to amend his Complaint, and upon request of the moving defendants, the motions to dismiss were reinstated on March 13, 2008.  (*See* Dkt. Nos. 18, 19.)  Subsequently, on April 17, 2008, Gebman filed an Amended Complaint (Dkt. No. 22), accompanied a day later by a response in opposition to the two motions to dismiss (Dkt. No. 24).

The Amended Complaint largely tracks the language of the original Complaint, with two exceptions.  First, the Amended Complaint contains, by way of introduction, what counsel for the City has characterized as a

3

"lengthy diatribe."  It is only after this four page preliminary statement that the jurisdictional statement and numbered allegations begin.  Second, the Amended Complaint seeks certain additional injunctive relief that was not requested in the original Complaint.  The Amended Complaint, like the original Complaint, refers to a "scheduled" sale of the Hiddenbrooke property.  However, the City informs the court that the sale has already been consummated.  (*See* Ex. E to the Kean Aff.; Dkt. No. 9.)

The three causes of action in the Amended Complaint each contain a hodge-podge of unrelated allegations.  This has made it difficult for the court to ascertain the legal bases of Gebman's claims.  The difficulty is compounded by Gebman's use of run-on sentences, curiously archaic phrasing, and questionable grammar.[1]  Moreover, Gebman's brief provides little help in deciphering the allegations in the Amended Complaint, as it consists almost entirely of block quotes from various cases, with no

---

[1]Paragraph 24 of the Amended Complaint is representative:

Because of the allegations made in the FIRST CAUSE OF ACTION involve the PETITIONER is of the information and belief due to the failure of the City of Beacon to properly administer its role as "Lead Agency" is in the filer's information and belief a part of a wide ranging existence of "Enterprise Corruption" directed against the filers economic interests as defined under part 460.2 of the NYS Penal Code, because the SECOND CAUSE OF ACTION claims that NEW YORK STATE and the CITY OF BEACON have engaged in illegal restraint of trade that in part facilitated without public discovery the assessment of the PRESROCK [sic] property at issue in this Complaint.

(Amended Complaint at ¶ 24; Dkt. No. 22.)

explanation as to how the quotes relate to the facts of the present case.

Nevertheless, under a generous reading of the Amended Complaint, it is

possible to ascertain the following causes of action: (1) violation of SEQRA;

(2) violation of the federal Clean Water Act; (3) unconstitutional regulatory

taking; (4) restraint of trade in violation of the Sherman and Clayton Acts

and the New York State Donnelly Act; and (5) due process violations in the

form of "a systemic pattern of harassment and illegal conduct" on the part

of the City of Beacon Police Department.[2]

Certain additional allegations are set forth in the introductory narrative

contained in the first four and a half pages of the Amended Complaint.

(*See* Amended Complaint at 1-5; Dkt. No. 22.)  Among other things, the

narrative contains allegations concerning the City of Beacon Master Plan,

certain supposedly related cases that are pending in other courts, the

actions of an "officer B," the wrongdoing of Gebman's wife's employer, and

the involvement of the former governor of New York.  However, the court

will not consider this portion of the Amended Complaint, as it utterly fails to

comply with Rule 8 of the Federal Rules of Civil Procedure.

_____

[2]Gebman also seeks to state a claim for "enterprise corruption" under section 460.20 of the New York Penal Law.  This is a criminal statute, however, and it provides no basis for a civil claim.

### III.  Discussion

**A.     Subject Matter Jurisdiction**

Jurisdiction in this case is premised on 28 U.S.C. §§ 1331 and 1343.

(*See* Amended Complaint; Dkt. No. 22.)  The City moves for dismissal

pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, arguing

that Gebman's claims are based solely on state law.

As the proponent of jurisdiction, Gebman bears the burden of proving

by a preponderance of the evidence that it exists.  *See Makarova v. United*

*States,* 201 F.3d 110, 113 (2d Cir. 2000); *see also Shipping Fin. Servs.*

*Corp. v. Drakos,* 140 F.3d 129, 131 (2d Cir. 1998) ("[W]hen the question to

be considered is one involving the jurisdiction of a federal court, jurisdiction

must be shown affirmatively, and that showing is not made by drawing from

the pleadings inferences favorable to the party asserting it.").  However, "it

is well-settled that the complaint will be construed broadly and liberally . . .

particularly when it is presented by a litigant who is proceeding pro se."  5B

CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND

PROCEDURE § 1350, pp. 180-81 (3d ed. 2004).

While the City acknowledges that Gebman has alleged violations of

the Clean Water Act, the Sherman Act, and the Clayton Act, it asserts that

6

these federal statutes are merely window dressing, mentioned in an effort to obscure the fact that Gebman's claims are in truth only state law claims. In evaluating this contention, it is important to bear in mind that "the absence of a valid (as opposed to arguable) cause of action does not implicate subject-matter jurisdiction, *i.e.,* the courts' statutory or constitutional *power* to adjudicate the case." *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 89 (1998) (emphasis in original).  In other words, a motion to dismiss pursuant to Rule 12(b)(1) should not be confused with a motion to dismiss under Rule 12(b)(6); "the former determines whether the plaintiff has a right to be in the particular court and the latter is an adjudication as to whether a cognizable legal claim has been stated."  5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1350, p. 106 (3d ed. 2004).  Subject matter jurisdiction is lacking only when the federal claim is "so insubstantial, implausible, foreclosed by prior decisions of th[e] [Supreme] Court, or otherwise completely devoid of merit as not to involve a federal controversy."  *Steel Co.,* 523 U.S. at 89 (citing *Oneida Indian Nation of N.Y. v. County of Oneida,* 414 U.S. 661, 666 (1974)).

Here, it cannot be said that Gebman's Clean Water Act claim is

insubstantial, implausible, or frivolous.  In paragraph 10 of the Amended

Complaint, Gebman alleges that the Hiddenbrooke parcel "has discharged

its waters onto lands adjacent that was formally [sic] a swamp and now a

subdivision, and this subdivision along with road salt infested storm water

from City of Beacon lands have been illegally discharged onto the lands for

which I have sought subdivision approval for [sic]."  Then, in paragraph 19,

Gebman alleges that "because the City is illegally discharging it's [sic]

street storm water onto the lands I am Contract Vendee [sic] the Federal

Clean Water Act is being violated."  These allegations are not "so plainly

insubstantial as to be devoid of any merits."  *See Nowak v. Ironworkers*

*Local 6 Pension Fund,* 81 F.3d 1182, 1189 (2d Cir. 1996) (citing *Giulini v.*

*Blessing,* 654 F.2d 189, 192 (2d Cir. 1981)).[3]  True, a greater portion of the

Amended Complaint is devoted to allegations concerning the City's

violation of SEQRA; however, the allegations regarding the City's violation

of the Clean Water Act cannot simply be ignored.  Accordingly, because

Gebman seeks relief under the federal Clean Water Act, the City's motion

---

[3]In *Nowak,* the Second Circuit noted that it is often difficult to evaluate subject matter jurisdiction where the asserted basis for jurisdiction is also an element of the alleged federal cause of action.  *Nowak,* 81 F.3d at 1188-89.  In such cases, so long as the complaint on its face seeks recovery under federal law, the court may assume a sufficient basis for jurisdiction, and "reserve further scrutiny for an inquiry on the merits."  *Id.*

to dismiss for lack of subject matter jurisdiction is denied, but only in part.

The court's jurisdiction over the Clean Water Act claim (and any additional federal claims)[4] does not automatically imbue it with jurisdiction over Gebman's SEQRA claim.  Although it is not clear whether Gebman intended to bring his SEQRA claim under Article 78 of the New York Civil Practice Law and Rules ("CPLR"), it is clear that he should have.  *See Save The Pine Bush, Inc. v. City of Albany,* 512 N.E.2d 526, 529 (N.Y. 1987); *P&N Tiffany Props., Inc. v. Village of Tuckahoe,* 817 N.Y.S.2d 345, 347 (N.Y. App. Div. 2006).  Therefore, the court construes the SEQRA claim as having been brought pursuant to Article 78.  As such, it is not properly before this court.  Section 7804(b) of the CPLR provides that "[a] proceeding under this article shall be brought in the *supreme court* . . . ." N.Y. C.P.L.R. 7804(b) (emphasis added).  This language has been construed as limiting the supplemental jurisdiction of the district courts. *See Beckwith v. Erie County Water Authority,* 413 F. Supp. 2d 214, 226-27 (W.D.N.Y. 2006) (collecting cases standing for the proposition that "[f]ederal courts have . . . consistently declined to exercise supplemental

_____

[4]In light of the court's analysis of the Clean Water Act, it need not address whether the other federal claims would also be sufficient to confer jurisdiction under 28 U.S.C. § 1331.

9

jurisdiction over [Article 78] claims"); *Cartagena v. City of New York,* 257 F. Supp. 2d 708, 710 (S.D.N.Y. 2003).  Accordingly, the court declines to exercise supplemental jurisdiction over Gebman's SEQRA claim, and such claim is therefore dismissed.

## B.   Eleventh Amendment

The State seeks dismissal of Gebman's claims on the basis of Eleventh Amendment immunity.  The Eleventh Amendment "has . . . been interpreted . . . to bar suits in federal courts against states, by their own citizens . . . ."  *Western Mohegan Tribe & Nation v. Orange County,* 395 F.3d 18, 20 (2d Cir. 2004) (citations omitted).  However, the amendment does not bar suit against a state where the state has consented to suit, or where Congress has enacted legislation abrogating the state's Eleventh Amendment immunity.  *See Port Authority Trans-Hudson Corp. v. Feeney,* 495 U.S. 299, 304 (1990) (citations omitted); *CSX Transp., Inc. v. New York State Office of Real Prop. Servs.,* 306 F.3d 87, 95 (2d Cir. 2002).[5]

Here, the State has not consented to suit.  Moreover, it is settled law

---

[5]As Gebman has noted, the doctrine of *Ex Parte Young,* 209 U.S. 123 (1908), supplies an additional exception to Eleventh Amendment immunity.  However, the *Ex Parte Young* doctrine is inapplicable where, as here, a plaintiff has sued a state, as opposed to a state official.  *See, e.g., State Employees Bargaining Agent Coalition v. Rowland,* 494 F.3d 71, 95 (2d Cir. 2007) (describing the *Ex Parte Young* exception to immunity).

that neither section 1983 nor the Clean Water Act operate to abrogate the

State's Eleventh Amendment immunity.  *See Quern v. Jordan,* 440 U.S.

332, 341-42 (1979) (section 1983); *Dube v. State Univ. of New York,* 900

F.2d 587, 594 (2d Cir. 1990) (section 1983); *Burnette v. Carothers,* 192

F.3d 52, 57 (2d Cir. 1999) (Clean Water Act).  Accordingly, insofar as the

State is concerned, the due process and regulatory takings claims–both of

which are brought pursuant to section 1983--are barred by the Eleventh

Amendment, as is the Clean Water Act claim.

        In addition, while it appears to be a question of first impression in this

Circuit, the Eleventh Amendment bars the Sherman and Clayton Act

claims.  The Supreme Court has held that Congress lacks the authority to

abrogate Eleventh Amendment immunity under its Article I powers,

including the Commerce Clause.  *See Seminole Tribe of Florida v. Florida,*

517 U.S. 44, 72-73 & n.16 (1996) ("The Eleventh Amendment restricts the

judicial power under Article III, and Article I cannot be used to circumvent

the constitutional limitations placed upon federal jurisdiction.")*; Bd. of

Trustees of Univ. of Alabama v. Garrett,* 531 U.S. 356, 364 (2001)

("Congress may not, of course, base its abrogation of the States' Eleventh

Amendment immunity upon the powers enumerated in Article I."); *Florida*

*Prepaid Postsecondary Educ. Expense Bd. v. College Sav. Bank,* 527 U.S. 627, 636 (1999) ("*Seminole Tribe* makes clear that Congress may not abrogate state sovereign immunity pursuant to its Article I powers; hence the Patent Remedy Act cannot be sustained under either the Commerce Clause or the Patent Clause.").  The Sherman and Clayton Acts were enacted pursuant to the power of Congress under the Commerce Clause. *See Texas Indus., Inc. v. Radcliff Materials, Inc.,* 451 U.S. 630, 642 (1981).[6]  Therefore, regardless of its intent, Congress was without the power to abrogate Eleventh Amendment immunity under the Sherman and Clayton Acts.[7]  Accordingly, the Sherman and Clayton Act claims against the State are dismissed.

**C.**   **Standing**

The City argues that Gebman lacks standing with respect to his

---

[6]While the cited portion of *Texas Industries* refers generically to the "antitrust laws," a full reading of the case reveals that the term encompasses the Sherman and Clayton Acts.

[7]The court has found only a handful of cases addressing the question of whether the states are amenable to suit under the antitrust laws.  However, it appears that every court to have considered the issue has reached the same conclusion as this court: that the states are immune from suit under the antitrust laws. *See McNeilus Truck & Mfg., Inc. v. State of Ohio ex rel. Montgomery,* 142 F.3d 435 at *5 (6th Cir. 1998) (unpublished); *Neo Gen Screening, Inc. v. New England Newborn Screening Program,* 187 F.3d 24, 26-27 (1st Cir. 1999); *Charley's Taxi Radio Dispatch Corp. v. SIDA of Hawaii, Inc.,* 810 F.2d 869, 873-74 (9th Cir. 1987); *but see Bowers v. N.C.A.A.,* 9 F. Supp. 2d 460, 498 n.15 (D. N.J. 1998) (declining to reach the issue).

takings claim, in that Gebman does not own the affected property.[8]  In support of its motion, the City has submitted evidence of the property's ownership.  Although the court is permitted to consider such evidence, *see Makarova v. United States,* 201 F.3d 110, 113 (2d Cir. 2000), it is unnecessary to do so because the essential fact of ownership is not in dispute.  By his own admission, Gebman is a "contract vendee holding interest in the development of parcels . . . downstream." (*See* Amended Complaint at 13; Dkt. No. 22.)  Thus, the City's motion to dismiss for lack of standing presents solely a legal question, which the court may resolve without reference to facts outside the pleadings.  *See Robinson v. Government of Malaysia,* 269 F.3d 133, 140 (2d Cir. 2001); *Thompson v. County of Franklin,* 15 F.3d 245, 249 (2d Cir. 1994).

The City has cited no authority for the proposition that only an owner of property may assert a takings claim; however, it appears to be a correct statement of the law.  The Second Circuit has held that "[o]nly the owner of an interest in property at the time of the alleged taking has standing to assert that a taking has occurred."  *United States Olympic Comm. v.*

---

[8]Although the City raises this argument in the section of its brief devoted to Rule 12(b)(6), it is properly treated as a motion under Rule 12(b)(1).  *See Alliance for Envtl. Renewal, Inc. v. Pyramid Crossgates Co.,* 436 F.3d 82, 88 & n.6 (2d Cir. 2006).

*Intelicense Corp., S.A.,* 737 F.2d 263, 268 (2d Cir. 1984).[9]  Thus, a

"contract vendee" such as Gebman lacks standing to assert a takings

claim.  *See R&V Dev., LLC v. Town of Islip,* No. 05-cv-5033, 2007 WL

14334, at *2 (E.D.N.Y. Jan. 3, 2007) (holding that a contract vendee lacked

standing).  Accordingly, Gebman's takings claim is dismissed.

## D.  <u>Venue</u>

The City moves for dismissal on the grounds of improper venue.

Under the general federal venue statute, venue is proper in:

> (1) a judicial district where any defendant resides, if all
> defendants reside in the same State, (2) a judicial district in
> which a substantial part of the events or omissions giving rise to
> the claim occurred, or a substantial part of property that is the
> subject of the action is situated, or (3) a judicial district in which
> any defendant may be found, if there is no district in which the
> action may otherwise be brought.

28 U.S.C. § 1391(b).  The third subsection of the statute, 28 U.S.C. §

1391(b)(3), is clearly inapplicable.  Under the second subsection, 28 U.S.C.

§ 1391(b)(2), venue would be proper in the Southern District of New York,

as it is apparent from the Amended Complaint that the events giving rise to

---

[9]Of course, this seemingly straightforward statement is subject to the qualification that in certain circumstances, a "postenactment purchaser" of property may challenge regulations impacting that property.  *See Palazzolo v. Rhode Island,* 533 U.S. 606, 626-30 (2001).  But there is nothing in *Palazzolo* which would alter the conclusion that a takings claim plaintiff must have an ownership interest in the property that is alleged to have been taken.

Gebman's claim occurred in Dutchess County.

However, on the basis of the current record, the court cannot determine whether venue might also be proper in the Northern District of New York under 28 U.S.C. § 1391(b)(1).  While the City points out that it is located in the Southern District of New York, it has not provided the court with any information concerning the residence of the other defendant, Preshrock Corporation.  If Preshrock is a resident of this district, then venue is proper here.  *See* 28 U.S.C. § 1391(b)(1) ("a judicial district where *any* defendant resides") (emphasis added).

An online search of the records of the Division of Corporations of the New York Department of State reveals that Preshrock's registered address is within the Southern District of New York. But this is not sufficient for purposes of venue.  As to the residence of corporations, the venue statute provides that:

> a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced.  In a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State . . . .

15

28 U.S.C. § 1391(c).  Thus, without an analysis of Preshrock's contacts with the Northern District of New York, it is impossible to determine whether Preshrock may be deemed a resident of this district for purposes of venue. *See generally Horizon Mktg. v. Kingdom Int'l Ltd.,* 244 F. Supp. 2d 131, 138-39 (E.D.N.Y. 2003) (analyzing a corporation's contacts with a judicial district for purposes of venue).  Accordingly, the City's motion to dismiss for improper venue is denied at this time, subject to renewal upon further development of the record.

**E.    The Merits of Gebman's Remaining Claims**

By way of review, the court has: (1) dismissed Gebman's SEQRA claim for lack of subject matter jurisdiction; (2) dismissed all of Gebman's claims against the State on the grounds of Eleventh Amendment immunity; and (3) dismissed Gebman's takings claim for lack of standing. Outstanding are claims against the remaining defendants for violations of the Clean Water Act, the antitrust laws, and due process.  The City seeks dismissal of these remaining claims under Rule 12(b)(6) for failure to state a claim.  However, the court cannot address the merits of these claims without first resolving the question of venue.  *See Arrowsmith v. United Press Int'l,* 320 F.2d 219, 221 (2d Cir. 1963); *PI, Inc. v. Quality Prods., Inc.,*

907 F. Supp. 752, 760 (S.D.N.Y. 1995).  As discussed above, the court
cannot resolve the issue of venue on the basis of the current record.
Accordingly, the City's Rule 12(b)(6) motion to dismiss the remaining
claims is denied, subject to renewal upon resolution of the matter of proper
venue.

    **WHEREFORE,** for the foregoing reasons, it is hereby

    **ORDERED** that the State's motion to dismiss (Dkt. No. 8) is
GRANTED and all claims against the State are DISMISSED; and it is
further

    **ORDERED** that the City's motion to dismiss (Dkt. No. 9) is GRANTED
insofar as the SEQRA and takings claims are concerned, and the SEQRA
and takings claims are DISMISSED as to all remaining defendants; and it is
further

    **ORDERED** that the City's motion to dismiss (Dkt. No. 9) is DENIED in
all other respects, with leave to renew.

    **IT IS SO ORDERED.**

**Dated: June 12, 2008**
**Albany, New York**

Gary L. Sharpe
U.S. District Judge

17