**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**CLARK J. GEBMAN,**

            **Plaintiff,**　　　　　　　　**No. 07-cv-1226**
　　　　　　　　　　　　　　　　　　　　　　　　**(GLS-DRH)**

      **v.**

**PRESHROCK CORPORATION,**
**CITY OF BEACON, UNITED STATES**
**OF AMERICA, and JOHN or JANE**
**DOE 1-500 Inclusive,**

            **Defendants.**
_____

**APPEARANCES:**　　　　　　　　**OF COUNSEL:**

**FOR THE PLAINTIFF:**
Clark J. Gebman
*Pro Se*
8686 Sheridan Drive
Williamsville, New York 14421

**FOR THE DEFENDANTS:**
**UNITED STATES OF AMERICA**
HON. GLENN T. SUDDABY　　　　WILLIAM F. LARKIN, ESQ.
United States Attorney
100 South Clinton Street
Syracuse, New York 13261

**Gary L. Sharpe**
**U.S. District Judge**

## **SUMMARY ORDER**

By Memorandum-Decision and Order dated June 12, 2008, the court granted defendant State of New York's motion to dismiss, and granted in part and denied in part defendant City of Beacon's motion to dismiss. (*See* Dkt. No. 33.) Familiarity with that opinion is assumed. Pending is the motion to dismiss of defendant United States of America.

The United States argues that the court lacks subject matter jurisdiction over it as sovereign immunity has not been waived. Additionally, the United States points out that it is not subject to 42 U.S.C. § 1983, the statute under which plaintiff Clark Gebman asserts his claims. Finally, the United States argues that the First Amended Complaint contains no allegations of wrongdoing with respect to it. The United States is correct on all three counts. First, absent a waiver, sovereign immunity shields the federal government and its agencies from suit. *See Dep't of the Army v. Blue Fox, Inc.,* 525 U.S. 255, 260 (1999) (citation omitted). Gebman has not established, or even alleged, any waiver of sovereign immunity in this case. Second, an action brought pursuant to section 1983 cannot lie against the United States. *See Dotson v. Griesa,* 398 F.3d 156, 162 (2d Cir. 2005). Third, the United States is not alleged to have wronged

2

Gebman in any way. The only mention of the United States in the Amended Complaint comes in paragraph 17, where Gebman writes that he "seeks the assistance of the US Attorney to pursue both criminal and civil litigation in these matters." (Dkt. No. 22.) This is not a basis for naming the United States as a defendant.

Gebman's response in opposition to the United States' motion to dismiss does not contest any of these arguments. Instead, Gebman uses his response to comment on the June 12 Memorandum-Decision and Order and to further elaborate on the perceived factual underpinnings of his claims. The only direct reference to the United States' motion is contained in paragraph 11, where Gebman writes that the motion to dismiss "should not be granted until the US Attorney can show a scintilla of understanding of the issues in this matter." (Dkt. No. 34.) If the United States fails to understand Gebman's claims, it is not alone; the court, too, has difficulty comprehending them. But the United States' understanding of the claims is ultimately irrelevant because, regardless of its understanding, it remains true that subject matter jurisdiction is lacking and that the United States is not alleged to have committed any wrong. Accordingly, the United States' motion to dismiss is granted.

3

Gebman has indicated an interest in obtaining court-appointed counsel. (*See* Dkt. No. 34.) However, he has not moved for the appointment of counsel, nor has he provided the court with any legal or factual basis for the appointment of counsel. Accordingly, Gebman's informal request for the appointment of counsel is denied at this time, without prejudice to the filing of a motion for the appointment of counsel.

**WHEREFORE,** for the foregoing reasons, it is hereby

**ORDERED** that the United States' motion to dismiss (Dkt. No. 32) is GRANTED and all claims against the United States are DISMISSED; and it is further

**ORDERED** that Gebman's request for the appointment of counsel is DENIED without prejudice.

**IT IS SO ORDERED.**

Albany, New York
Dated: August 8, 2008

Gary L. Sharpe
U.S. District Judge