**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**CLARK J. GEBMAN,**

                              **Plaintiff,**              **No. 07-cv-1226**
                                                          **(GLS-DRH)**

            **v.**

**PRESHROCK CORPORATION and**
**CITY OF BEACON,**

                              **Defendants.**
_____

**APPEARANCES:**                    **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Clark J. Gebman
_Pro Se_
8686 Sheridan Drive
Williamsville, New York 14421

**FOR THE DEFENDANT**
**CITY OF BEACON:**
Towne, Bartkowski Law Firm          ELENA DeFIO KEAN, ESQ.
450 New Karner Road
P.O. Box 15072
Albany, New York 12205

**Gary L. Sharpe**
**U.S. District Judge**

## <u>SUMMARY ORDER</u>

        In a Memorandum-Decision and Order dated June 12, 2008, the

court denied the defendant City of Beacon's first motion to dismiss the

Amended Complaint for improper venue, with leave to renew the motion

upon further development of the factual record.  (*See* Dkt. No. 33.)[1]

Familiarity with the June 12 opinion is assumed.  Pending is the City's

renewed motion to dismiss for improper venue.  (Dkt. No. 39.)  For the

reasons that follow, the motion is granted.

> Under the general federal venue statute, venue is proper in:
>
> (1) a judicial district where any defendant resides, if all
> defendants reside in the same State, (2) a judicial district in
> which a substantial part of the events or omissions giving rise
> to the claim occurred, or a substantial part of property that is
> the subject of the action is situated, or (3) a judicial district in
> which any defendant may be found, if there is no district in
> which the action may otherwise be brought.

28 U.S.C. § 1391(b).  The third subsection of the statute, 28 U.S.C. §

1391(b)(3), is clearly inapplicable.  Under the second subsection, 28 U.S.C.

§ 1391(b)(2), venue would be proper in the Southern District of New York,

as it is apparent from the Amended Complaint that the events giving rise to

Gebman's claim occurred in Dutchess County.  The only remaining

---

[1]In the June 12 Memorandum-Decision and Order, the court dismissed certain of
Gebman's claims against the City on other grounds.  Additionally, all claims against the State
of New York, a former defendant herein, were dismissed.  Subsequently, in a Summary Order
dated August 8, 2008, the court dismissed all claims against the United States of America, also
a former defendant herein.  (*See* Dkt. No. 42.)  Finally, all claims against the Doe defendants
have also been dismissed.  (*See* Text Only Order dated August 20, 2008.)

question, then, is whether venue would also be proper in the Northern

District of New York under the first subsection of the venue statute, 28

U.S.C. § 1391(b)(1).  The court could not previously resolve this question

because it had insufficient information concerning the residence of

Preshrock Corporation ("Preshrock") and the Doe defendants.  Now,

however, the Doe defendants have been dismissed from the case, and the

City has supplied the necessary information concerning Preshrock.

Under the first subsection of the venue statute, venue is proper in "a

judicial district where *any* defendant resides."  28 U.S.C. § 1391(b)(1)

(emphasis added).  The City of Beacon, situated in the Southern District of

New York, is plainly not a resident of the Northern District of New York.  As

for Preshrock, the venue statute provides that:

> a defendant that is a corporation shall be deemed to reside in
> any judicial district in which it is subject to personal jurisdiction
> at the time the action is commenced.  In a State which has
> more than one judicial district and in which a defendant that is a
> corporation is subject to personal jurisdiction at the time an
> action is commenced, such corporation shall be deemed to
> reside in any district in that State within which its contacts
> would be sufficient to subject it to personal jurisdiction if that
> district were a separate State . . . .

28 U.S.C. § 1391(c).  Thus, Preshrock is a resident of this district only if its

contacts with this district would be sufficient to subject it to personal

3

jurisdiction if this district were a separate State.

According to the affidavit of Lawrence Kalkstein, the treasurer of Preshrock, the corporation has its principal place of business in Westchester County in the Southern District of New York.  (Kalkstein Aff.; Dkt. No. 39.)[2]  Therefore, for purposes of this "somewhat artificial" analysis of personal jurisdiction, *see Horizon Marketing v. Kingdom International Ltd.,* 244 F. Supp.2d 131, 138 (E.D.N.Y. 2003), Preshrock is a foreign corporation as far as the Northern District of New York is concerned. Whether it is subject to personal jurisdiction in the Northern District of New York depends upon the application of New York law on personal jurisdiction.  *See PDK Labs, Inc. v. Friedlander,* 103 F.3d 1105, 1108 (2d Cir. 1997) ("In a federal question case where a defendant resides outside the forum state, a federal court applies the forum state's personal jurisdiction rules . . . .") (citations omitted).

To be subject to personal jurisdiction, Preshrock's contacts with the Northern District of New York must be so "continuous and systematic" as to

---

[2]Gebman objects to the admissibility of the Kalkstein Affidavit on the grounds that the court has previously ruled, in an Order dated March 18, 2008 (Dkt. No. 20), that Kalkstein cannot appear on behalf of Preshrock.  However, while it remains true that Kalkstein, a non-lawyer, cannot represent Preshrock, there is nothing which prevents the City of Beacon from submitting an affidavit from Kalkstein, just as the City of Beacon could submit an affidavit from any other person possessed of relevant information.

subject it to general jurisdiction, or, failing that, jurisdiction must be premised on the New York long-arm statute. *See Nardiello v. Allen,* No. 07-cv-0580, 2007 WL 4119182, at *2-3 (N.D.N.Y. Nov. 16, 2007). According to the Kalkstein Affidavit, Preshrock "does not have, nor have they ever had, offices or a business presence anywhere in the Northern District of New York." (Dkt. No. 39.) Moreover, "Preshrock conducts business exclusively in the Southern District of New York." (*Id.*) Therefore, having had *no* contacts with the Northern District of New York – either systematic, specific to this cause of action, or otherwise – Preshrock is not subject to personal jurisdiction in this district and is not a "resident" for purposes of the venue statute. Accordingly, venue in this district is improper, and the case is dismissed.

      **WHEREFORE,** for the foregoing reasons, it is hereby

      **ORDERED** that the City's motion to dismiss for improper venue (Dkt. No. 39) is GRANTED; and it is further

      **ORDERED** that the Clerk enter judgment and close the case.

      **IT IS SO ORDERED.**

Albany, New York
Dated: September 5, 2008

Gary L. Sharpe
U.S. District Judge

5